UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 2:18CR150-PPS |
| | ) |
| VICTOR WIGGINS, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

The case against defendant Victor Wiggins is set to begin trial on Monday, July 27, 2020. Wiggins is charged with conspiracy to distribute and to possess with intent to distribute methamphetamine and one count of distribution of methamphetamine. [DE 26.] Now before me is Wiggins' motion to dismiss the charges against him on the basis of a violation of the Speedy Trial Act. [DE 129.] The matter is now fully briefed.

The Speedy Trial Act "provides that a defendant must go to trial within seventy days of either the issuance of an indictment or a defendant's first appearance before a judicial officer, whichever is later." *United States v. Hills*, 618 F.3d 619, 625 (7th Cir. 2010), citing 18 U.S.C. §3161(c)(1). On a defendant's motion, dismissal of the indictment, with or without prejudice, is the remedy for a failure to comply with the 70-day limitation. *Id.*; §3162(a)(2). However, "[t]o provide courts with the necessary flexibility to accommodate pretrial proceedings,...the (Speedy Trial Act) provides for certain periods of time to be excluded from the seventy-day clock." *Id.* at 626. One type of exclusionary period is "time that results from 'a continuance granted by any judge on

his own motion or at the request of the defendant or his counsel or at the request of an attorney for the Government,' if the judge's decision to grant the continuance was based on 'his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" *Id*. at 626, quoting §3161(h)(7)(A).  Also excludable is "[a]ny period of ...delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion...." §3161(h)(1)(D).

In this case Wiggins challenges the speedy trial exclusion of the periods of two trial continuances obtained by his prior counsel.  Wiggins acknowledges that in each of the orders continuing the trial, "the Court found that the ends of justice outweigh the best interests of the public and the defendant in a speedy trial."  [DE 129 at ¶15.] Wiggins' argument is that those necessary determinations were premised on his counsel's representations that Wiggins "was advised and agreed that the time would be excluded for purposes of the Speedy Trial Act," but that he "never consented or agreed to a continuance" and "has always demanded a speedy trial."  [*Id*. at ¶¶16, 17.]

With its opposition, the government has submitted an affidavit from Wiggins' prior counsel, in which she attests that Wiggins "agreed and consented" to both motions for trial continuance that she filed, and that "at no time" did she "file a motion to continue the jury trial in this matter without Mr Wiggins' agreement and consent." [DE 133-2 at ¶¶5, 9, 12.]  Although the government argues that only through his new counsel has Wiggins asserted that he never agreed to the continuances his attorney

2

sought, the transcript of Judge Rodovich's January 14, 2020 hearing (filed by the government) shows Wiggins making the claims that he continually told his counsel not to "file a continuance on my behalf at all" but that "she continuously did it without even telling me, numerous times." [DE 133-1 at 2.]

This apparent dispute of fact is not, however, critical to the outcome of Wiggins' motion. As the Seventh Circuit has explained:

> Defendant's Motion to Continue is an excludable pretrial motion, even though [defendant] did not consent to its filing. In *United States v. Gearhart*, 576 F.3d 459, 463 n.3 (7th Cir. 2009), we held that under the Act, counsel is not required to obtain the defendant's consent prior to making a tactical decision in a case, such as the decision to seek a continuance.

*Blake v. United States*, 723 F.3d 870, 886 (7th Cir. 2013). "A trial may be continued and time excluded over the defendant's objection, as long as the district court supplies proper reasoning on the record." *United States v. Bell*, 925 F.3d 362, 374 (7th Cir. 2019). The Speedy Trial Act "provides for the exclusion of continuances granted at the request of the defendant *or* his counsel." *United States v. Adams*, 625 F.3d 371, 379 (7th Cir. 2010) (emphasis in original).

The first motion for a continuance, filed by Wiggins' counsel on May 29, 2019 when the trial was scheduled for June 17, represented that discovery was ongoing and that defense counsel had a murder trial scheduled to begin in state court on June 24. [DE 58 at 1.] In granting the motion, Judge Rodovich remarked on these circumstances and concluded that the failure to grant the continuance "would unreasonably deny the defendant the reasonable assistance of counsel and time necessary for effective

3

preparation for trial," even "taking into account the exercise of due diligence." [DE 60 at 1-2.] His conclusion that the ends of justice served by the continuance outweighed the best interest of the public and the defendant in a speedy trial was clearly well supported, whether or not Wiggins himself consented to the continuance. The time period represented by the filing of the motion on May 29, 2019 through its granting and the continuance of the trial to September 23, 2019 is all excluded from the ticking of the speedy trial clock.

Similarly, Wiggins' counsel's second motion for continuance, filed on September 5, 2019 [DE 78], represented that discovery was still ongoing, and that the parties were working on a plea agreement. The September 6 order granting the motion makes the necessary "ends of justice" finding because the circumstances cited in the motion demonstrate that failure to grant the continuance would again "unreasonably deny the defendant the reasonable assistance of counsel and time necessary for effective preparation for trial, and taking into account the exercise of due diligence." [DE 79 at 1.] Again the statutory requirements are met, whether or not Wiggins concurred in the request, and the period of the continuance through the new February 3, 2020 trial setting is excluded from the Speedy Trial Act computation.

As the February trial setting approached, Judge Rodovich held a hearing on January 14, 2020 at which the parties discussed a pro se filing by Wiggins [DE 96] and his counsel's motion to withdraw [DE 100]. After determining that counsel must be permitted to withdraw and that Wiggins was not opting to represent himself, Judge

4

Rodovich observed that a newly appointed counsel could not reasonably prepare for a trial set to begin on February 3. [DE 133 at 2, 4.] The resulting continuance of the trial to the current setting of July 27, 2020 was clearly required to ensure Wiggins the reasonable assistance of counsel with adequate time to effectively prepare. The ends of justice served by that third continuance outweighed both Wiggins' and the public's interest in a speedy trial. The delay represented by that continuance is therefore also excluded from the Speedy Trial Act computation applicable to Wiggins' prosecution here. I make this finding, and state the reasons for it on the record here, prior to setting forth my ruling below on defendant's motion to dismiss on speedy trial grounds. *See Zedner v. United States*, 547 U.S. 489, 507 (2006) [Speedy Trial Act findings "must be put on the record by the time a district court rules on a defendant's motion to dismiss"]; *Adams*, 625 F.3d at 380.

     Based on this analysis, the only days arguably counted toward the STA's 70-day limit are the two days between Wiggins' initial appearance on April 2, 2019 and his arraignment on April 4, after which the period through the May 2 motions deadline was excluded [*see* DE 52 and *Bloate v. United States*, 559 U.S. 196, 214 (2010)], plus 27 days after the May 2 deadline until the filing of the first motion for continuance on May 29. This totals fewer than 30 days elapsed out of the 70 afforded by the Speedy Trial Act. Wiggins has not demonstrated a violation of §3161(c)(1) entitling him to a dismissal of the indictment under §3162(a)(2).

In an abundance of caution, the government addresses Sixth Amendment speedy trial standards as well as the Speedy Trial Act.  Because Wiggins does not invoke the constitutional right at all, but only the statutory one, I limit my discussion to the Speedy Trial Act.  But I will categorically state my conclusion that Wiggins' speedy trial rights under the Sixth Amendment have not been violated. *United States v. Chahia*, 544 F.3d 890, 898 (8th Cir. 2008) [observing that it would be unusual to find the Sixth Amendment has been violated when the Speedy Trial Act has not].

ACCORDINGLY:

Defendant Victor Wiggins' Motion to Dismiss for Violation of Speedy Trial Act [DE 129] is DENIED.

SO ORDERED.

ENTERED:  July 15, 2020.

                                                 /s/ Philip P. Simon  
                                                PHILIP P. SIMON, JUDGE  
                                                UNITED STATES DISTRICT COURT