UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 2:18CR150-PPS |
| | ) | |
| VICTOR WIGGINS, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Victor Wiggins was a mid-level dealer of methamphetamine, who supervised at least three others in the distribution of methamphetamine.  Wiggins was convicted on his plea of guilty to a charge of conspiracy to distribute methamphetamine, and to possess methamphetamine with intent to distribute.  [DE 210 at 1.]  On December 4, 2020, I sentenced Wiggins as a career offender to a term of 144 months' imprisonment as agreed in his binding plea agreement.  [*Id*. at 2; DE 198 at ¶4.]  Wiggins is currently housed in the federal prison camp located at the United States Penitentiary at Tuscson, Arizona, with a projected release date of June 22, 2029.  Now before me is Wiggins' motion under 18 U.S.C. §3582(c)(1)(A) for a compassionate release from prison.  The government has filed a response opposing the motion, and Wiggins has filed a reply.

As amended by the First Step Act, §3582(c)(1)(A) authorizes a defendant to seek a modification of an imposed term of imprisonment upon a showing that "extraordinary and compelling reasons warrant such a reduction." The first issue in these types of matters is administrative exhaustion.  Before coming to court, a person

seeking compassionate release must first request relief from the warden of his

institution.  The statute requires a defendant to "fully exhaust[] all administrative rights

to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf."

§3582(c)(1)(A).  The government concedes that Wiggins has satisfied the exhaustion

requirement.  [DE 230 at 7.]

After the exhaustion issue, §3582(c)(1)(A) next requires a determination whether

the defendant presents "extraordinary and compelling reasons" that warrant a reduction

of the sentence previously imposed, and thereafter, if necessary, consideration of the

sentencing factors set forth in §3553(a).  Wiggins presents two reasons in support of his

request for compassionate release.  Neither is persuasive.

First, Wiggins seeks compassionate release in order to provide care for his

mother who, he reports, is in the early stages of Alzheimer's disease and also has a

condition called a Chiari malformation.  Not to sound harsh, but it is obvious that a

sentencing court cannot always take at face value what a convicted defendant

represents about circumstances that are offered in hopes of a favorable sentencing

decision.  Wiggins provides no evidence of his mother's medical conditions or their

impact on her functioning at this time.  Similarly, Wiggins represents without

evidentiary support that he is the only person able to offer needed assistance to his

mother.  As of November 4, 2020, the presentence investigation report advised that

Wiggins' mother was residing with a daughter, one of Wiggins' five siblings.  [DE 198 at

¶¶47, 48.]  Wiggins' present motion does not offer any explanation as to the inability of

other family members to provide care for his mother.

Even assuming the truth of Wiggins' assertions, the desire to care for an elderly

or infirm parent is not the type of circumstance that qualifies as extraordinary and

compelling under §3582(c)(1)(A).  As the government notes, "[u]nfortunately, the

declining health of a parent is an all-too-common circumstance for inmates, particularly

where the inmate has a prolonged sentence."  [DE 230 at 11.]  Dozens of other federal

courts have rejected such a basis for relief under §3582(c)(1)(A), often making the same

observation.  *See, e.g., United States v. Balsam*, No. 21-11153, 2022 WL 1616408, at *3 (11th

Cir. May 23, 2022); *United States v. Pepper*, 851 Fed.Appx. 890, 891 (10th Cir. 2021); *United

States v. Patton*, No. 16-40113-01-DDC, 2022 WL 2134197  (D.Kan. June 14, 2022); *United

States v. Dowdell*, No. 1:14-cr-237-JMS-DKL-02, 2022 WL 2116594, at *2 (S.D.Ind. June 13,

2022); *United States v. Goodwin*, No. 4:18-cr-00072-DCN, 2022 WL 2047668, at *3 (D.Idaho

June 7, 2022); *United States v. Kelly*, No. 4:06-CR-297, 2022 WL 1748250, at *6 (E.D.Tex.

May 27, 2022) (collecting cases).  This court has similarly held several times.  *See, e.g.,

United States v. Williams*, No. 2:10 CR 164, 2021 WL 4551386, at *3 (N.D.Ind. Oct. 5, 2021);

*United States v. Frymire*, No. 1:17-CR-4-HAB, 2021 WL 4272883, at *2 (N.D.Ind. Sept. 21,

2021); *United States v. Cephus*, No. 2:09 CR 43, 2021 WL 3884829, at *2-3 (N.D.Ind. Aug.

31, 2021).  As our sister district in Southern Indiana has very recently explained:

> [W]hile the Court applauds [defendant] for his desire to help his mother,
> he has not presented any admissible evidence showing that she is
> incapacitated or lacks other caregivers.  Regardless, many inmates have

> aging or elderly parents for whom they would like to care, and
> [defendant's] desire to help his mother is not an extraordinary and
> compelling reason for release, whether standing alone or in combination
> with any other factors.

*Dowdell*, 2022 WL 2116594, at *2. In his reply, Wiggins "concedes" his first argument.

[DE 234 at 1.] Wiggins' request for compassionate release to care for his mother is

rejected.

Wiggins' other basis for compassionate release is related to the COVID

pandemic, the most frequently seen argument under §3582(c)(1)(A). In support of his

motion, Wiggins first asserted that he "suffers from congenital heart failure...and due to

religious belief can <u>not</u> take the corona vaccination putting him at even greater risk of

severe illness (and even death) from the COVID-19 virus." [DE 227 at 2 (emphasis in

original)]. In response, the government points out that BOP health records reflect that

Wiggins in fact received shots of the Pfizer COVID vaccine on February 3, 2022 and on

February 24, 2022 (two months *earlier than* his present motion), and as a result "has the

same defenses against the virus as those the general public has." [DE 232 at 1.] In his

reply, Wiggins does not dispute that he has been vaccinated, and offers no explanation

for his previous representation about the vaccine. [DE 234.]

Instead, he criticizes the government for its reliance on a decision that pre-dates

the surge in COVID cases due to the Omicron variants. [DE 234 at 2.] The Seventh

Circuit has concluded that "for the vast majority of prisoners, the availability of a

vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary

4

and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801,

803 (7th Cir. 2021). *See also United States v. Ugbah*, 4 F.4th 595 (7th Cir. 2021). Nonetheless,

a defendant's unusual or extreme vulnerability to COVID-19 might be shown to

warrant an early release from imprisonment based on the "extraordinary and

compelling" standard. But "the mere existence of COVID-19 in society and the

possibility that it may spread to a particular prison alone cannot independently justify

compassionate release, especially considering BOP's statutory role, and its extensive

and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594,

597 (3rd Cir. 2020).

The government's evidence reflects that Wiggins has been diagnosed with

hypertension, type 2 diabetes, hyperlipidemia and severe obesity. [DE 232 at 2.] These

conditions are so common among the BOP population that I cannot consider them to

present an extraordinary circumstance even when viewed in connection with any

increased risks they pose for someone who contracts COVID, particularly when

Wiggins has himself been vaccinated so as to limit his risks. As the government points

out, courts have repeatedly denied compassionate release to inmates with these

conditions. [DE 230 at 12 (collecting cases).] I am aware of the Seventh Circuit's caution

to consider the individualized arguments and evidence of each defendant who petitions

for compassionate release. *United States v. Rucker*, 27 F.4th 560,  (7th Cir. 2022). I do so

here, and am not persuaded that Wiggins has shown that his common medical

conditions place him in "the small minority of federal prisoners" within what the Court

of Appeals has called the *Broadfield-Ugbah* exception. *United States v. Newton*, No. 21-2514, 2022 WL 2145230, at *2 (7th Cir. June 15, 2022).

Wiggins initially complained that he was incarcerated at FCI Beaumont, where the virus "is rampant," but he has since been transferred to FPC Tucson. [DE 227 at 2, DE 230 at 14.] Wiggins represents, without proof, that that institution has had 11 deaths from COVID. [DE 234 at 2.] But Wiggins also advises that on May 20, 2022, the warden announced an increase in the prison's "Operational Modifications" to Level 3, the highest level of precautions, including a requirement that masks be worn in all inside areas of the facility. [*Id.*] Although this may reflect an uptick in COVID cases, it also represents a reasonable institutional response to such an uptick. The online report of Bureau of Prison COVID statistics (https://www.bop.gov/coronavirus/) reflects that at USP Tucson there are currently 2 positive inmates, and 8 staff members have tested positive. Wiggins does not demonstrate that his institutional setting poses such significant risk of infection at present to boost his situation into a "extraordinary and compelling" one.

## Conclusion

The COVID-19 pandemic is a scourge that has imposed great hardship and suffering on millions of people across the world. But even at its most virulent, it did not warrant the wholesale emptying of all prisons and jails. Although we are experiencing another wave of an especially infective variant, we now have – and Victor Wiggins himself has – the additional protection of vaccines that have proven effective in reducing

the rate of infection and in mitigating the seriousness of symptoms in the event of infection with the COVID virus.  The special authority granted to sentencing judges by the recent amendment to §3582(c)(1)(A) is quite narrow, and understandably so, because it comes at the cost of truncating the carefully measured term of imprisonment previously imposed, at the expense of all the sentencing factors and goals weighed in determining that sentence.

There are many facts and factors about the COVID-19 pandemic that can justly be called "extraordinary and compelling."  But the risk of infection, or even an actual infection with the virus, is not necessarily enough to meet that standard given the prevalence of the coronavirus generally at this time. The risks Victor Wiggins now faces with respect to COVID-19 are not shown to present "extraordinary and compelling reasons" warranting a reduction in his sentence. Because Wiggins does not present an extraordinary and compelling reason for a sentence reduction, I do not take the "unnecessary step two" of weighing the sentencing factors identified in 18 U.S.C. §3553(a). *Newton*, 2022 WL 2145230, at *2, citing *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021)(applicable sentencing factros in §3553(a) need to be considered only if the sentencing judge finds an extraordinary and compelling reason for relief).

ACCORDINGLY:

Defendant Victor Wiggins' Motion for Sentence Reduction Under 18 U.S.C. §3582(c)(1)(A) (Compassionate Release) [DE 227] is DENIED.

SO ORDERED.

ENTERED:  June 17, 2022.

 /s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT